**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ARCZAR LLC AND<br>GEOVECTOR CORPORATION<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NINTENDO AMERICA INC.,<br><br>　　　　Defendant. | CASE NO. 2:12-cv-00786-JRG<br>JURY TRIAL DEMANDED |

**ARCZAR AND GEOVECTOR'S RESPONSE IN OPPOSITION TO NINTENDO**
**AMERICA INC.'S MOTION TO TRANSFER**

Arczar LLC ("Arczar") and GeoVector Corporation ("GeoVector") (collectively "Plaintiffs") respectfully submit this response in opposition to Nintendo America Inc.'s ("Nintendo" or "Defendant") Motion to Transfer to the Western District of Washington or the Northern District of California (Dkt. No. 16) ("Motion") filed on March 15, 2013.

### I.     INTRODUCTION

The Court should deny Defendant's request to transfer this action to the Western District of Washington or the Northern District of California. The Fifth Circuit has stated that a movant seeking transfer bears a "significant burden" to show that the requested venue is "clearly more convenient.". *In re Volkswagen of Am. Inc.*, 545 F.3d 304, 314, n.10, 315 (Fed. Cir. 2008) (*cert. denied*) ("*Volkswagen II*"). Defendant has fallen well short of meeting that burden. In fact, the Eastern District of Texas is a more convenient or—at the very least—equally convenient venue for this action.

Additionally, transferring this action to either the Western District of Washington or the Northern District of California would lead to a waste of judicial resources. If this action were transferred, the same patent and issues--including at least validity and claim construction--would be concurrently litigated before multiple courts. This is exactly the type of waste of judicial resources § 1404(a) is designed to prevent. *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964).

## II. BACKGROUND

Arczar has filed separate suits against six defendants for infringement of U.S. Patent No. 6,037,936 (the "'936 Patent"). The first suit was filed against Yelp, Inc. on October 4, 2012. *See Arczar LLC v. Yelp, Inc.*, Case No. 2:12-cv-00639 (E.D. Tex. 2012). On December 10, 2012, Arczar filed 5 other lawsuits, including the instant suit, involving the '936 Patent, asserting that the defendants in those cases used similarly infringing software. *See Arczar LLC v. Hasbro, Inc.*, Case No. 2:12-cv-00784 (E.D. Tex. 2012); *Arczar LLC v. Ikea North America Services LLC*, Case No. 2:12-cv-00785 (E.D. Tex. 2012); *Arczar LLC v. ZipRealty, Inc..*, Case No. 2:12-cv-00788 (E.D. Tex. 2012); and *Arczar LLC v. Sony Computer Entertainment Inc.*, Case No. 2:12-cv-00787 (E.D. Tex. 2012).[1] Arczar amended its complaint on February 20, 2013 to add GeoVector as a party. On March 15, 2013, Defendant filed this motion.

## III. DEFENDANT'S MOTION TO TRANSFER TO THE WESTERN DISTRICT OF WASHINGTON OR THE NORTHERN DISTRICT OF CALIFORNIA SHOULD BE DENIED.

### A. Legal Standard Governing Transfer

Nintendo bears "a significant burden . . . to show good cause" to support its motion to transfer. *Volkswagen II*, 545 F.3d at 314 n.10; *see also Texas Data Co., L.L.C. v. Target Brands, Inc.*, 771 F. Supp. 2d 630, 638-39 (E.D. Tex. Jan. 12, 2011) ("the Court . . . recognizes the

---

[1] Both the instant case and *Arczar v. Sony Computer Entertainment Inc.,* involve U.S. Patent No. 7,916,138 as well as the '936 Patent.

significance of the burden and does not take it lightly"). Nintendo must "satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Volkswagen II*, 545 F.3d at 315. The Federal Circuit has found that the creation of parallel lawsuits in different jurisdictions is a "paramount consideration" weighing against transfer. *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("*Volkswagen I*").

Although the plaintiff's choice of forum is not a factor in the convenience analysis, it contributes to the defendant's burden of showing that the transferee venue is clearly more convenient. *Volkswagen II*, 545 F.3d at 314-15. The plaintiff's choice of venue should rarely be disturbed unless the balance of convenience factors is strongly in favor of transfer. *Volkswagen II,* 545 F.3d at 315; *Gulf Oil v. Gilbert* 330 U.S. 507 (1947) (outlining the so-called "Gilbert factors" to be considered in determining a motion to transfer); *see also In re Affymetrix, Inc.*, Misc. No. 913, 2010 WL 1525010, at *1 (Fed. Cir. April 13, 2010) (citing *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663-64) ("[F]or transfer of venue to be appropriate, [defendant] must make a clear and indisputable showing that on balance, the convenience and interest of justice considerations strongly favor transfer.").

The determination of whether a defendant has met its burden involves consideration of various private and public interest factors (the "Gilbert factors"). *Volkswagen II*, 545 F.3d at 315. The private interest factors are: (1) relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id* The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the

familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws. *Id*. The factors are not exhaustive or exclusive, and no one factor "can be said to be of dispositive weight." *Id*.

### B. Judicial Economy Weighs Against Transfer

Judicial economy is the "paramount consideration" that weighs against transfer. The goal of §1404(a) is to "prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen,* 376 U.S. at 616. As a result, in appropriate circumstances, courts have analyzed the goal of preventing unnecessary inconvenience and expense under the rubric of "judicial economy." Furthermore, "courts have consistently held that judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010) (citing *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960)) (additional citation omitted); *see also* 28 U.S.C. §1404(a) ("For the convenience of the parties and witnesses, in the interest of justice . . ."). Thus, although judicial economy is not among the list of enumerated *Gilbert* factors, it is "a paramount consideration when determining whether a transfer is in the interest of justice." *Volkswagen I*, 566 F.3d at 1351. "[T]he existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice . . . [T]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent*." Continental Grain Co. v. The FBL 585*, 364 U.S. 19, 26 (1960). Although patent infringement cases "may not involve precisely the same issues, there will be significant overlap and a familiarity with the patents could preserve time and resources." *Volkswagen I*, 566 F.3d at 1351.

Transferring Plaintiffs' claims against Defendant to the Western District of Washington or the Northern District of California would be a clear waste of judicial resources. There are five other cases currently pending before this Court wherein Plaintiffshave alleged infringement of the same '936 Patent against other defendants[2]. Granting Defendant's motion would lead to parallel and repeated litigation before multiple courts on the same patents and same issues. Each of these separate actions will involve adjudication of claim validity, claim construction, and other pretrial issues. Duplicative and parallel proceedings on the same patent unnecessarily waste judicial resources and raise the specter of inconsistent adjudication. In short, a transfer to the Western District of Washington or the Northern District of California would squarely contradict the goals of §1404(a). *See Van Dusen*, 376 U.S. at 616 (opining that the goal of §1404(a) is to "prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense").

The existence of co-pending lawsuits on the same patents and similar products is a critical factor cited by this Court in denying a recent transfer motion with similar facts, wherein two additional cases were pending on the same patent. *See Portal Technologies LLC v. Yahoo! Inc.*, Case No. 2:11-cv-440, Dkt. No. 44, 9 (E.D. Tex. Aug. 8, 2012) (denying transfer where three defendants were accused of infringing the same patent, as all three cases would "involve common questions of claim construction and validity"). The fact that five other cases are pending makes a compelling case against transfer.

Nintendo cites *In re EMC Corp.*, for the proposition that "the district court could not properly rely on judicial economy involved in retaining the very case that were the subject of the transfer motion . . ." Mis. No. 142, 2013, 2013 U.S. App. LEXIS 1985 (Fed. Cir. Jan 29, 2013).

---

[2] Plaintiffs have also alleged infringement of U.S. Patent No. 7,916,138 against Nintendo. This patent depends from the same parent application as the '936 Patent and as such will share most, if not all, common issues.

However, this case is significantly different than *In re EMC*. First, *In re EMC* involved a plaintiff who filled a single complaint, which was later severed into multiple actions. *Id.* As such, the Court's familiarity with the patent, and thus its basis for judicial economy, arose from the proceedings which occurred as a result of the Court's refusal to sever and transfer the cases. *Id* at * 7-8. Here, unlike in *EMC*, the judicial economy argument is grounded on the fact that there are 6 related cases, and all of them involve the same patent adjudication of the same claim validity, claim construction, and other pretrial issues.

Additionally, the Federal Circuit has clearly marked that opinion as non-precedential, a fact which Nintendo glaringly omits. Further, Nintendo's argument partially relies on a string of false hypotheticals, such as its contention that "many of [the other] cases will also present issues of transfer." However, only two out of six parties in the related cases have moved for transfer. *Arczar LLC v. Yelp, Inc.*, Case No. 2:12-cv-00639, Dkt. No. 10 (E.D. Tex. 2012); *Arczar LLC v. ZipRealty, Inc.*, Case No. 2:12-cv-00788, Dkt. No. 9 (E.D. Tex. 2012).

Finally, the existence of related lawsuits, involving the same patent and similar products weighs strongly against transfer. Defendant's reliance on this Court's ruling in *GeoTag v. Starbucks Corp. et al.* is misplaced. In *GeoTag*, there were over 100 suits filed against over 400 unrelated entities with unrelated products and services. Case No. 2:10-cv-572-MHS-RSP, Dkt. No. 526 (E.D. Tex. Jan. 14, 2013). Unlike *GeoTag*, this is not a case where "a plaintiff [has] manipulate[d] venue by serially filing cases within a single district." *Id.* Four of the six related cases involve the same type of infringing product, and this case and the *Sony* case further involve similar handheld computer gaming systems. *See Arczar LLC v. Yelp, Inc.*, Case No. 2:12-cv-00639, Dkt. No. 10 (E.D. Tex. 2012); *Arczar LLC v. Hasbro, Inc.*, Case No. 2:12-cv-00784 (E.D. Tex. 2012); *Arczar LLC v. Ikea North America Services LLC*, Case No. 2:12-cv-00785 (E.D.

Tex. 2012); *Arczar LLC v. ZipRealty, Inc.*, Case No. 2:12-cv-00788 (E.D. Tex. 2012); and *Arczar LLC v. Sony Computer Entertainment Inc.*, Case No. 2:12-cv-00787 (E.D. Tex. 2012).

### C. The Private Interest Factors Are Neutral

#### i. **Plaintiff's Choice of Forum is Should not be Disturbed.**

Defendant attempts to mislead this Court by relying on *In re Zimmer* to support its fallacious argument that Plaintiffs' choice of forum is entitled to no deference. Mot. at 6. The facts of this case are readily distinguishable from *In re Zimmer*. In *In re Zimmer*, the plaintiff had an office, with corporate directors, including its research and prosecution work, in the transferee forum, and was not even incorporated in Texas. 609 F.3d 1378, 1379 –1381 (Fed. Cir. 2010). In contrast, Arczar is a registered Texas entity, which has existed as such since its formation more than a year prior to the filing of this lawsuit. *See* Ex. 2. As such, Arczar's choice of forum should not be disturbed.

#### ii. **The relative ease of access to sources of proof.**

Contrary to Nintendo's claim, this factor is neutral and does not favor a transfer. Most of Nintendo's personnel and documents are located outside the United States in Japan or in the state of Washington. ArcZar is a Texas based company, and Geovector is located in California. Documents owned by two third-party inventors are likely located in Colorado and California. A substantial number of documents are likely outside this country or dispersed among four states: California, Washington, Texas, and Colorado. Neither California nor Washington stands out as a clear better venue regarding the ease of access to proof.

Nintendo also, wrongly, contends that Arczar is a Los Angeles based company. Mot. to Transfer at 3. Nintendo bases its conclusions on outdated website meta-data that is invisible to visitors of the Arczar site. It is a false speculation contradicted by Arczar's own statements in the

7

Complaint, corporate filings from the Texas Secretary of State's office, and Nintendo's own investigation into Arczar's management and location. *See* Mot. to Transfer at 2-4 ; *See also* Mot. Ex. 7.

Thus this factor is neutral.

### iii. The cost of attendance for witnesses

All parties and witnesses must be considered in the analysis of this factor. *In re Volkswagen AG*, 371 F.3d 201, 467 (Fed. Cir. 2004). "Because it generally becomes more inconvenient and costly for witnesses to attend trial the further they are away from home, the Fifth Circuit established in *Volkswagen I* a '100-mile' rule, which requires that '[w]hen the distance between an existing venue for trial of a matter and proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.'" *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (internal citations omitted). Additionally, the convenience of non-party witnesses is given greater weight than that of party witnesses. *Stragent LLC v. Audi AG*, 6:10CV227 LED-JDL, 2011 WL 2912907, *7 (E.D. Tex. July 18, 2011); *NovelPoint Learning LLC v. LeapFrog Enterprises, Inc.*, 6:10-CV-229 JDL, 2010 WL 5068146, *6 (E.D. Tex. Dec. 6, 2010); *see also BNSF Ry. Co. v. OOCL (USA), Inc.*, 667 F. Supp. 2d 703, 711 (N.D. Tex. 2009).

This factor, like those previously discussed, does not weigh in favor of transfer., Arczar's current manager Ryan Dormer is located in New Jersey, which is significantly closer to Texas than to the Western District of Washington or the Northern District of California. Additionally, Arczar's former manager and CEO, Jason Mackey, resides near Dallas, Texas, which is exponentially closer to the present venue. Furthermore, the GeoVector witnesses are willing witnesses and will travel to this Court for trial. Nintendo also points to witness from its parent

company Nintendo Co., Ltd., a Japanese entity, as the source for "the vast majority of the technical documents" and witnesses "knowledgeable about the design and operation of Nintendo products." Mot. at 2. However, the Federal Circuit and this Court have clearly held that such "overseas witnesses" should be discounted. *Fujitsu Limited v. Tellabs, Inc.*, 639 F. Supp. 2d 761, 767 (E.D. Tex. 2009); *See also In re Genetech*, 566 F.3d 1338, 1344 (Fed. Cir. 2009) (holding witnesses from Switzerland and Germany should be discounted for the purpose of the 100 mile rule). Finally, none of the third-party witnesses identified by the parties reside in the Western District of Washington, and at least two of the five non-party witnesses are located closer to this district. For example, of the four third-party witnesses identified by Nintendo, one (co-inventor Kenyon E. McGuire) resides in Colorado which is significantly closer to this district than the Western District of Washington. Mot. Ex. 3. Arczar's former manager and CEO, Jason Mackey resides in Dallas, Texas. Nintendo also identified the five listed inventors as witnesses. However, three of them work for Geovector (which has already made plain the willingness of its witnesses to travel to this district). Mot. at 3, 9. In short, only three of the five non-party witnesses may reside in the transferee district. Both of the other two witness reside either in Texas or a district closer to this district. None of the third-party witnesses resides in the Western District of Washington. As such, these factors do not weigh in favor of transfer.

### D. Public Interest Factors Further Weigh In Favor of Maintaing the Current Venue

#### i. Court congestion and time to trial weighs only slightly in favor of transfer.

This court has made plain that court congestion is a speculative factor, and the medium time to trial in the transferee district must be significantly shorter to favor transfer. *See Eon Corp.*, 2012 U.S. Dist. LEXIS, at *15 (holding a delay of less than 2 months did not favor transfer); *see also Voxpath RS, LLC v. LG Electronics U.S.A., Inc.*, No. 2:12-cv-160, 2012 U.S.

9

Dist. LEXIS 7569, * 24-25 (E.D. Tex Jan. 23, 2012) (noting that court congestion is the most speculative factor). Here, there is no significant difference in terms of median time to trial and median time to disposition between the Western District of Washington or the Northern District of California compared to Eastern District of Texas. Mot. to Transfer at 10. *See also* Mot. Ex. 46. In addition, the Court has an established precedents of consolidating related cases for pretrial purposes, which would only further serve to hasten the disposition of this and the related cases. *See Rotatable Technologies LLC v. Nokia, Inc.*, Case No. 2:12-cv-00265, Dkt. No. 16 (E.D. Tex. 2012). As a result, this factor weights against transfer, or at the least is neutral.

### ii. The Eastern District of Texas has a Strong Local Interest

Arczar has been a resident of this district since its formation and in the Eastern District of Texas and has a substantial presence in this forum. *See* Ex. 2. Here, Defendant's's claim that Arczar's presence in the Eastern District of Texas is an artifice of litigation is clearly false. It ignores the fact that Arczar was formed and existed in Marshall, Texas for over a year before the filing of this litigation. Arczar is a local company whose patent rights have been infringed by Defendant in this district. Thus, citizens of the Eastern District of Texas have a strong interest in adjudicating this dispute. This public interest factor, therefore, clearly weighs against transfer. *Azure Networks, LLC v. CSR, PLC*, Civil Action No. 6:11cv139 LED-JDL at 15-16 (E.D. Tex. June 25, 2012).

### IV. DEFENDANT'S REQUEST TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA IS PARTICULARLY WEAK

Defendant's motion to transfer to the Northern District of California should be denied as it is particularly unavailing. Defendant readily admits that the Northern District of California is "less convenient for Nintendo." Furthermore, as Arczar has already demonstrated, the Eastern District of Texas is clearly more convenient for Arczar's New Jersey witness. In addition, while

10

the Northern District of California may—in theory—be more convenient for one of the inventors, it is not for the otherinventor.  In addition, as stated above, Defendant's Japanese witnesses and documents should not be considered and do not add any weight whatsoever to Defendant's argument.  *Fujitsu*, 639 F. Supp. 2d at 767; *See also In re Genetech*, 566 F.3d at 1344.  Finally, Nintendo asserts that witnesses from Google would have relevant knowledge as to the Wii Street U.  However, this producthas not been accused and is completely irrelevant to this case.  Mot. at 14.

### V. CONCLUSION

Defendant's Motion to Transfer should be denied as it has failed to show the transferee venue is clearly more convenient than the Eastern District of Texas.  Allowing the transfer would lead to  waste of judicial resources.  For these and other reasons provided above, the Court should deny Defendant's motion in its entirety.

Dated: April 4, 2013                                                          Respectfully submitted,

                                                                 By: /s/  *Hao Ni*
                                                                   Hao Ni
                                                                   Texas Bar No. 24047205
                                                                   hni@nilawfirm.com
                                                                   Timothy T. Wang
                                                                   Texas Bar No. 24067927
                                                                   twang@nilawfirm.com
                                                                   Stevenson Moore V
                                                                   Texas Bar No. 24076573
                                                                   smoore@nilawfirm.com

                                                                  **Ni, Wang & Associates, PLLC**
                                                                   8140 Walnut Hill Ln., Suite 310
                                                                   Dallas, Texas 75231
                                                                   Tel: 972.331.4600
                                                                   Fax: 972.314.0900

                                                                   **ATTORNEYS FOR PLAINTIFF**
                                                                   **ARCZAR LLC**

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile, and/or first class mail on this date

                                        \s\ *Hao Ni*
                                        Hao Ni